IN THE SUPERIOR COURT OF FAYETTE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MAUREEN TOFFOLONI, <br> as Administrator and Personal <br> Representative of the ESTATE <br> OF NANCY E. BENOIT, <br><br>     Plaintiff <br> v. <br><br> LFP PUBLISHING GROUP, LLC., <br> d/b/a Hustler Magazine, MARK <br> SAMANSKY, an individual, <br> and other distributors and sellers of <br> Hustler Magazine, as Defendants X, <br> Y, and Z, <br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action File No.

_____

2008 V - 0185

COPY

## VERIFIED COMPLAINT

COMES NOW Plaintiff Maureen Toffoloni, as Administrator of the Estate of Nancy

E. Benoit, and files this Verified Complaint, seeking a Temporary Restraining Order,

Permanent Injunction, and Damages against Defendants LFP PUBLISHING GROUP, LLC,

d.b.a "Hustler Magazine," MARK SAMANSKY, and the other as yet unknown distributors

and sellers of Hustler Magazine, and shows the Court as follows:

## PARTIES, JURISDICTION, AND VENUE

(1)

Plaintiff Maureen Toffoloni is a resident of the State of Florida and is the duly

appointed administrator and personal representative of the Estate of Nancy E. Benoit,

deceased in Fayette County, Georgia. Prior to her untimely death, Nancy Benoit resided in Fayette County, Georgia.

### (2)

Defendant LFP Publishing Group, LLC ("Defendant LFP") is a limited liability company organized under the laws of the State of Delaware and is doing business in the State of Georgia and Fayette County. Defendant LFP can be served with the Summons and Complaint in this case by second original. The Defendant LFP has indicated through counsel that it will acknowledge service. Defendant LFP is the publisher of "Hustler Magazine."

### (3)

Defendant Mark Samansky is a resident of the State of Colorado. He can be served with the Summons and Complaint in this case by second original at his residence, 10820 Towerbridge Lane, Highlands Ranch, Colorado 80130. Defendant Samansky is the photographer who photographed and videotaped Nancy Benoit, formerly known as "Nancy Daus".

### (4)

The unknown Defendants are persons, corporations or other business entities who distribute or sell Hustler Magazine in Fayette County. The proper names of these Defendants will be added when their names are known to Plaintiff.

-2-

(5)

The Defendants are subject to jurisdiction in this Court and venue is proper in this

Court pursuant to Keeton v. Hustler Magazine, Inc., 465 U.S. 770 (1984).

## FACTS

(6)

Plaintiff re-alleges and incorporates by reference all allegations set forth in Paragraphs

(1) through (5) as if more fully set forth herein.

(7)

Hustler Magazine is a pornographic magazine, published frequently, upon information

and belief, on a monthly basis. The majority of the content of each monthly magazine is

graphic and sexual photographs of nude women.

(8)

The Defendants acting as "Hustler Magazine" intend to publish and sell, and have

already published and sold in the so-called "March" issue of Hustler Magazine, nude and

partially nude photographs of Nancy Benoit. Upon information and belief, Hustler Magazine

intends to publish other photographs of Nancy Benoit if it is able to do so. "Exhibit A" to

this Complaint, filed herewith under seal, is a true and correct copy of the article and

photographs of Nancy Benoit from the "March" issue of Hustler Magazine.

- 3 -

(9)

The photographs that Hustler Magazine intends to publish were created from a videotape made while Nancy Benoit, then known as Nancy Daus, was posing for photographs approximately 20 years ago.

(10)

Defendant Samansky was the photographer taking the photographs and videotape of Nancy Benoit. Nancy Benoit did not sign a "model's release" or otherwise consent to Mr. Samansky's use of her image for any purpose.

(11)

Nancy Benoit was aware that she was being videotaped by Mr. Samansky, but did not give permission to the photographer to use the videotape in any way. *See* Affidavit of James Daus ¶ 6, attached hereto as "Exhibit B."

(12)

After the photographic session was over, Nancy Benoit immediately decided she did not want to have the photographs published, and she refused to give the photographer permission to do so. *See* Affidavit of James Daus ¶ 7.

(13)

Nancy Benoit and her then husband, James Daus, insisted that the photographer immediately destroy all photographs of her. Defendant Samansky represented to Nancy Benoit and her then husband, James Daus, that all photographs and the videotape had been

- 4 -

destroyed by him. Nancy Benoit believed that all photographs and videotape of her had been destroyed within a short time after they were made. *See* Affidavit of James Daus, ¶ 8.

(14)

Nancy Benoit did not want to have nude or partially nude photographs of herself published by Mr. Samansky, or anyone else. *See* Affidavit of Jim Daus, ¶ 9.

(15)

Until Nancy Benoit's untimely death in June 2007, Nancy had a career as a model, professional woman wrestler and public figure. Nancy Benoit exploited her image for commercial purposes. The Estate of Nancy Benoit has the legal right to control use of Nancy's image for commercial and/or financial gain.

(16)

Upon information and belief, Defendant Samanksy lied to Nancy and James Daus and did not destroy the videotape of Nancy Benoit. Defendant Samansky apparently created still photographs from the videotape. Upon information and belief, Defendant Samansky and/or the Defendant LFP currently have possession of the videotape and photographs.

(17)

Without Nancy's permission, Defendant Samansky sold the photographs and/or still images from the videotape to the Defendant LFP d/b/a Hustler Magazine for publication. Plaintiff does not know the amount of money that changed hands between Hustler Magazine and Mark Samansky.

(18)

On January 16, 2008, Counsel for Plaintiff sent a letter to Hustler Magazine requesting that Hustler refrain from publishing the photographs because publication of the photographs would be a violation of Nancy Benoit's right of publicity.  A true and correct copy of that letter is attached hereto as "Exhibit C."

(19)

On January 25, 2008, counsel for Defendant LFP responded to counsel for Plaintiff indicating that Hustler denied Plaintiff's request and intended to publish nude and partially nude photographs in its March issue.  Defendant LFP claims, in that letter, that publication of the photographs of Nancy Benoit is authorized as an exercise of freedom of the press "[t]he photographs of Ms. Benoit as a beautiful young woman in her twenties are being used to illustrate a legitimate and serious news article...about her life." A true and correct copy of that letter is attached hereto as "Exhibit D".

(20)

Defendant LFP's publication of the photographs is not authorized as an exercise of the freedom of the press because publication of nude and partially nude photographs of Nancy Benoit are not necessary or relevant to a "legitimate and serious news article."

(21)

Hustler Magazine has already begun disseminating photographs of Nancy Benoit and advertising the nude images to its customers.  Wrestle Zone, an online wrestling enthusiast

- 6 -

website, contains a fan posting about the upcoming "March" issue of Hustler Magazine and a link to other photographs of Nancy Benoit.  A print out of the Wrestle Zone posting is attached hereto as "Exhibit E".

## COUNT 1:  PETITION FOR TEMPORARY RESTRAINING ORDER

(22)

Plaintiff re-alleges and incorporates by reference all allegations set forth in Paragraphs (1) through (21) as if more fully set forth herein.

(23)

If the photographs of Nancy Benoit are published, Plaintiff will be immediately and irreparably harmed, in that the photographs cannot be unpublished.  Once they are published, the public will always be able to see them.

(24)

Among other legal matters, Plaintiff intends to file a wrongful death action in this Court on behalf of the Estate of Nancy Benoit concerning the murders of Nancy Benoit and her minor child Daniel Benoit.  If the photographs are published, Plaintiff will be immediately and irreparably harmed because the photographs may be seen by, and unfairly influence, the potential venire for the wrongful death case.

(25)

Monetary damages are inadequate to remedy the harm to Plaintiff.

- 7 -

## COUNT 2:  <u>PETITION FOR PERMANENT INJUNCTION</u>

### (26)

Plaintiff re-alleges and incorporates by reference all allegations set forth in Paragraphs (1) through (25) as if more fully set forth herein.

### (27)

Publication of the photographs would constitute a violation of Nancy Benoit's right of publicity, which may be enforced by her estate.

### (28)

No adequate remedy at law exists if Hustler Magazine is permitted to publish or continue to publish the photographs of Nancy Benoit.

## COUNT 3:  <u>CLAIM FOR DAMAGES</u>

### (29)

Plaintiff re-alleges and incorporates by reference all allegations set forth in Paragraphs (1) through (28) as if more fully set forth herein.

### (30)

In the alternative, the Defendants have already published and sold photographs of Nancy Benoit so as to exploit her image for their own commercial purposes. Defendants are liable to Plaintiff for actual and punitive damages for violation of Nancy Benoit's right of publicity in an amount to be determined by a jury. Defendants are also liable to Plaintiff for attorney fees and expenses of litigation pursuant to O.C.G.A. §13-6-11.

WHEREFORE, Plaintiff respectfully prays as follows:

(a)     that the Court timely hear oral argument from Plaintiff on the application for

        Temporary Restraining Order;

(b)     that the Court issue a Temporary Restraining Order preventing Defendant LFP

        Publishing Group, LLC and Hustler Magazine from publishing photographs

        of Nancy Benoit;

(c)     that the Court issue a Permanent Injunction preventing Defendant LFP

        Publishing Group, LLC and Hustler Magazine from publishing photographs

        of Nancy Benoit; and

(d)     that the Court grant Plaintiff such other and further relief as is just and proper,

        including actual and punitive damages, all costs of this litigation, and attorneys

        fees pursuant to O.C.G.A. § 13-6-11.

Respectfully submitted this _4 th_ day of February, 2008.

                              Richard P. Decker
                              State Bar of Georgia No. 215600
                              DECKER, HALLMAN, BARBER & BRIGGS
                              Attorneys for Plaintiff Maureen Toffoloni

260 Peachtree Street, N.W.
Suite 1700
Atlanta, Georgia 30303
(404) 522-1500

- 9 -

IN THE SUPERIOR COURT OF FAYETTE COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MAUREEN TOFFOLONI, | ) | |
| as Administrator and Personal | ) | |
| Representative of the ESTATE | ) | |
| OF NANCY E. BENOIT, | ) | Civil Action File No. |
| | ) | |
|      Plaintiff | ) | _____ |
| v. | ) | |
| | ) | |
| LFP PUBLISHING GROUP, LLC., | ) | |
| d/b/a Hustler Magazine, MARK | ) | |
| SAMANSKY, an individual, | ) | |
| and other distributors and sellers of | ) | |
| Hustler Magazine, as Defendants X, | ) | |
| Y, and Z, | ) | |
| | ) | |
|      Defendants. | ) | |

## VERIFICATION

Personally appeared before me an officer duly authorized by law to administer oaths,

MAUREEN TOFFOLONI, as Administrator and Personal Representative of the Estate of

Nancy E. Benoit who, after being sworn, deposes and states that she has read the foregoing

Complaint, and that the facts and allegations contained therein are true and correct to the best

of her knowledge.

_Maureen Toffoloni_
MAUREEN TOFFOLONI

Sworn to and subscribed before me
this _31_ day of _JAN_____, 2008.

_Toni V. Tamm_
Notary Public (Affix Seal and
Expiration Date)

Toni V. Tamm
Commission # DD370220
Expires December 5, 2008
Bonded Troy Fain - Insurance, Inc. 800-385-7019

# EXHIBIT B

IN THE SUPERIOR COURT OF FAYETTE COUNTY
STATE OF GEORGIA

MAUREEN TOFFOLONI,        )
as Administrator and Personal    )
Representative of the ESTATE    )
OF NANCY E. BENOIT,       )     Civil Action File No.
                       )
      Plaintiff         )    _____
v.                     )
                       )
LFP PUBLISHING GROUP, LLC.,  )
d/b/a Hustler Magazine, MARK   )
SAMANSKY, an individual,     )
and other distributors and sellers of )
Hustler Magazine, as Defendants X, )
Y, and Z,                )
                       )
      Defendants.      )

## AFFIDAVIT OF JAMES DAUS

STATE OF FLORIDA

     Personally appeared before me, the undersigned officer duly authorized by law to administer oaths, JAMES DAUS, who, after being duly sworn, deposes and states as follows:

(1)

     My name is James Daus. I am over the age of 18. I have personal knowledge of the facts stated herein and know them to be true.

(2)

     I give this Affidavit in support of Plaintiff's Complaint and Application for a Temporary Restraining Order and Permanent Injunction against Defendant LFP Publishing Group, LLC.

(3)

From 1981 to 1986, I was the husband and business partner of Nancy Benoit who was known at the time as Nancy Daus. I acted as the manager and promoter of her career during that time.

(4)

I am aware that Hustler Magazine has published and/or intends to publish nude and/or partially nude photographs of Nancy Benoit. I understand that these photographs were created from a videotape taken while Nancy Benoit posed for photographs approximately twenty-five years ago for a photographer named Mark Samansky.

(5)

I was present at all times when Nancy Benoit posed for photographs by Mr. Samansky. This took place in Florida in the Summer of 1983.

(6)

Nancy Benoit and I were aware that Mr. Samansky was videotaping her while also taking still photographs, but neither Nancy or I ever gave permission to Mr. Samansky to use the videotape in any way.

(7)

As soon as the photographs were taken, Nancy and I immediately decided she did not want to have the photographs published. Neither Nancy or I gave Mr. Samansky permission to use the photographs or any videotape in any way.

(8)

Nancy Benoit and I insisted that the photographer, Mr. Samansky, immediately destroy all photographs of her. Mr. Samansky told us that all photographs and the videotape had been destroyed. Nancy Benoit and I believed that all photographs and the videotape of her had been destroyed.

- 2 -

(9)

I know of my own knowledge that Nancy Benoit did not want to have nude or partially nude photographs of herself published at any time. I know of my own knowledge that she never gave Mr. Samansky the authority to use any photographs or videotapes of her for any purpose.

FURTHER AFFIANT SAYETH NOT.

JAMES DAUS

Sworn to and subscribed before me
this _31st_ day of _January_, 2008.

_Carol Grach_
Notary Public

22974.wpd

CAROL GRACH
Comm# DD621696
Expires 2/22/2010
Bonded thru (800)432-4254
Florida Notary Assn., Inc

CAROL GRACH
Comm# DD621696
Expires 2/22/2010
Bonded thru (800)432-4254
Florida Notary Assn., Inc

# EXHIBIT C

# DECKER, HALLMAN, BARBER & BRIGGS

### A PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW

RICHARD P. DECKER*

e-mail. rdecker@dhbblaw.com

* also admitted in Virgin Islands

260 PEACHTREE STREET, N.W.
SUITE 1700
ATLANTA, GEORGIA 30303
(404) 522-1500 MAIN
(404) 577-9149 FACSIMILE

January 16, 2008

Mr. Sean Berries
Custodian of Records
LFP Internet Group, LLC
LFP Video Group, LLC
8484 Wilshire Blvd.
Beverly Hills, CA 90211

Mr. David Carillo
Custodian of Records
LFP Publishing Group, LLC
8484 Wilshire Blvd.
Beverly Hills, CA 90211

Re:   Nancy Toffoloni Benoit

Gentlemen:

This firm represents Maureen Toffoloni, the Administrator of the Estate of Nancy Toffoloni Benoit, who died in June of 2007.

It has come to our attention that your website, Hustler magazine, or a related publication or entity intends to publish nude or partially nude photographs of Nancy Benoit. These photographs were apparently made years ago, under suspicious circumstances, leading us to question the legal propriety of same.

The purpose of this letter is to advise you of our client's strenuous objection to your publication of any photographs depicting the likeness of Nancy Benoit.

The estate of Nancy Benoit, represented by our client Maureen Toffoloni, would have legal title and any copyright to any likeness of Nancy Benoit. Your use of the likeness of Nancy Benoit in any form is expressly prohibited, unauthorized, and denied. *See* Martin Luther King, Jr. Center for Social Change, Inc. v. American Heritage Products, Inc., 250 Ga. 135 (1982).

3197-002\22722.wpd

January 16, 2008
Page 2

       Please advise the undersigned within 10 days of this letter that the publications or entities you represent will refrain from the publication of any photographs or likenesses of Nancy Benoit.  If we do not hear from you within 10 days, we will assume that you intend to go forward with publication of this material, and will file suit in a Georgia court to prevent it. *See* Keeton v. Hustler Magazine, Inc., 465 U.S. 770 (1984).

       Please be governed accordingly.

                       Yours very truly,

                       Richard P. Decker

                       For DECKER, HALLMAN, BARBER & BRIGGS

RPD:mla

3197-002\22722.wpd

# EXHIBIT D



## Lipsitz Green Scime Cambria LLP

Attorneys at Law

Paul J. Cambria, Jr. ³
James T Scime
Herbert L. Greenman
Patrick C. O'Reilly
Michael Schiavone
Laraine Kelley
William M Felgenbaum
Joseph J. Kurtkowski
Richard P Wisebeck, Jr
Mark L. Stulmaker
Barry Nelson Covert
Christopher S. Mattingly
Robert L. Boreanaz
Thomas M Mercure
John A. Collins
George E. Riedel, Jr ²
Michael P Stuermer ¹
Jeffrey F Reina
Sharon M Heim
Charle L. Peterson
Paul J Cieslik
Michael R. Warambleweld
Gregory P. Krull
Michele A. Smith
Bridget M. O'Connell
Michael S. Deal ⁴
Joseph J. Manna
Philip Scaffidi
Robert E Ziske
Kevin W. Houlihan
Thomas C. Burnham
William R. Moore
David C. Zimmerman ¹
Karen B. Feger
Patrick B. Shanahan
Jonathan W. Brown ¹
Teresa A. Bailey
John M. Lichtenthal
Racheal C. Irizarry ¹
Andrew D. Kehrer
Joseph M. Tripi
Daniel M Killelea
Patrick J. Mackey

OF COUNSEL
Richard Lipsitz
Carl A. Green
Eugene W. Salisbury ¹

SPECIAL COUNSEL
James W Kirkpatrick
Roger W Wilcox, Jr
Denis A. Scinta
David G Henry
Richard D. Furlong
Scott M. Roberts
John P Hains ²
Diane M Roberts

LICENSED WORKERS'
COMPENSATION
REPRESENTATIVE
Keith T. Williams
Patricia N. Lyman

Seymour L. Schuller
1951-1988

Evan E. James
1955-1989

¹ Also admitted in District of Columbia
² Also admitted in Florida
³ Also admitted in California
⁴ Also admitted in Ohio
⁵ Also admitted in Illinois

42 Delaware Avenue, Suite 120, Buffalo, New York 14202-3924  P 716 849 1333  F 716 855 1580 (Not for Service)  www.lglaw.com

January 25, 2008

**RECEIVED**
**JAN 28 2008**

<u>Via UPS Overnight</u>

Richard P. Decker, Esq.
Decker, Hallman, Barber & Briggs
Attorneys at Law
260 Peachtree Street, N.W.
Suite 1700
Atlanta, GA 30303

Re:   Nancy Toffoloni Benoit Photographs

Dear Mr. Decker:

This firm is retained counsel for LFP Publishing Group, LLC ("LFP"), the publisher of *Hustler Magazine*. We have been asked to respond to your letter to LFP dated January 16, 2008 with regard to the publication of nude and partially nude photographs of the late Nancy Benoit. We understand that in this matter, you are representing Maureen Toffoloni and/or the Estate of Nancy Benoit.

In said letter, you protest the publication by *Hustler Magazine* of said photos of Nancy Benoit, and demand that *Hustler* agree not to publish same. On behalf of LFP and *Hustler*, we must respectfully deny your request.

In your letter, you first indicate that your client would have legal title in any copyright to a likeness of Nancy Benoit. This contention is erroneous. The copyright in the photographs belongs to the photographer/videographer who originally took the pictures as their author pursuant to the United States Copyright Act, 17 U.S.C. § 101 *et seq*. Here, LFP is informed that the subject photographs were images made from a motion picture video, for which Nancy Benoit clearly and voluntarily posed. LFP has obtained the permission of the copyright holder to publish said photographs, and therefore your client has no copyright claim herein.

You further assert that any use of the likeness of Nancy Benoit is "prohibited, unauthorized, and denied," citing <u>Martin Luther King, Jr. Center for Social Change, Inc. v. American Heritage Products, Inc.</u>, 250 Ga. 135 (1982), and that unless *Hustler* agrees not to so publish, you will file suit in a Georgia court, citing <u>Keeton v. Hustler Magazine, Inc.</u>, 465 U.S. 770 (1984).

The Supreme Court's <u>Keeton</u> decision concerns personal jurisdiction, statutes of limitations, and related procedural issues, rather than substantive rights. It is accordingly



## Lipsitz Green Scime Cambria LLP

Richard P. Decker, Esq.
Decker, Hallman, Barber & Briggs
Page 2
January 25, 2008

not relevant to this response. The substantive opinion of the Georgia Supreme Court in the <u>King</u> case is relevant, but does not serve to support your client's position.

As you are aware, the recent tragic death of Nancy Benoit, apparently murdered by her husband in their home, made national headlines in the newspapers, and was extensively covered by both network and cable television news shows. Aside from her husband Chris, Nancy herself had been a popular personality in the wrestling world, and was well-known by the national wrestling organizations and wrestling fans throughout the country. She was accordingly a public figure and celebrity, and her gruesome death was unquestionably of great public interest. Accordingly, Georgia, the State of her domicile, would afford her a right of publicity, not to have her name or photograph used "for the financial gain of the user without [her] consent, where such use is not authorized as an exercise of freedom of the press." 250 Ga. at 143.

Here, there is no such violation of Nancy Benoit's right of publicity by publication of her likeness in *Hustler Magazine*. The photographs of Ms. Benoit as a beautiful young woman in her twenties are being used to illustrate a legitimate and serious news article in the Magazine on her life, including her early career, her attempts at modeling, her various marriages, and her attempts to pose for *Penthouse Magazine*. Thus, we are not dealing with a commercial exploitation of Ms. Benoit's image for monetary gain, but as part of a legitimate news story. Such use by *Hustler Magazine* is clearly authorized and protected by the First Amendment to the United States Constitution, as is expressly recognized by the Georgia Supreme Court in its <u>King</u> decision. Such lawful publication of photos of a deceased public figure in a matter of public interest is sharply contrasted with the clearly unauthorized and unlawful appropriation of the property rights in a decedent's image for commercial exploitation, as was seen in the facts of the <u>King</u> case. Recognizing the First Amendment right of publication by a free press in matters of public interest, as opposed to mere advertisements or commercial use, the Georgia Supreme Court in <u>King</u> itself acknowledged the press' right of free expression in this country.

To the extent that your client may attempt to assert some kind of "privacy" right in the images of Nancy Benoit, privacy rights are designed to protect values of human dignity. However, it is long-established law that such privacy rights end with the death of the person whose privacy was allegedly invaded.

To summarize, your client does not own any copyright interest in the photographs of Nancy Benoit, and the use of her photographs in connection with a legitimate news article of public interest in *Hustler Magazine* does not afford any right of publicity, and would otherwise be precluded by the freedom of the press contained in the First Amendment.



Lipsitz Green Scime Cambria LLP

Richard P. Decker, Esq.
Decker, Hallman, Barber & Briggs
Page 3
January 25, 2008


While we certainly sympathize with your client's grief as to the senseless murder of Nancy
Benoit, *Hustler Magazine* has every legal right to publish said photographs as part of a
legitimate news article on her life and death, as a matter of substantial public interest.

                    Sincerely,

                    LIPSITZ GREEN SCIME CAMBRIA LLP
                    Attorneys for Hustler Publishing Group, LLC

                    By: _____
                        Paul J. Cambria, Jr., Esq.

PJC/WMF/lv

F:/ADULT/11740/0964/08c/Deck0125

Writer's Extension: 344
Writer's Fax: (716) 855-1580
Writer's Email: pcambria@lglaw.com

# EXHIBIT E



> **SPORTS** > **WRESTLEZONE**



Ads by Google

**Nancy Benoit XXX Rated Photos To Appear In Hustler Magazine**
12/27/2007 by Ryan Clark

LTrott3 sent this one in:

The upcoming issue of Hustler magazine (March 2008) has a two page spread of no photos of the late Nancy Benoit. Apparently these images are from when she was married to Jim Daus. Apparently she was touring doing bikini and wet t-shirt competitions in Florida when one of the hosts told her she should be in Penthouse. He set up a photo shoot for her and then videotaped the photo shoot. Nancy never submitted the photos and later had them destroyed but either never knew about or got the video which is now in the possession of Hustler.

It is the March 08 issue of Hustler magazine with a headline on the cover. I have a subscription so I got my issue in advance. I don't think it is on the newsstands yet as I live in LA and I haven't seen it there yet. Actually if you can get a hold of the Feb 2008 issue, there is an ad for it in the "Coming Next Month" section

WrestleZone now offers RSS feeds for the newsboard. You can subscribe by clicking the following button: XML RSS

## DISCUSS THIS IN THE WRESTLEZONE FORUMS

**New Wrestling Figures**

Exclusives & New Figures available Before They Hit Stores

WrestlingFigures.com



What school letter grade would you give the WWE Royal Rumble 2008 PPV?

- A
- B
- C
- D
- Didn't See The Show





**Shawn Michaels is the only winner of every major WWE title.**

Who knew, that a man with 24 inch pythons would have half inch testicles!

-Rock (Mocking Hogan)





MORE HEADLINES
Jillian Hall Sings To MLB Player, New WWE DVD, Cena, More

- Lawler Speaks On Cena's Return, Candice's Super Bowl Ad, WM Tickets
- What You Didn't See On This Week's WWE RAW
- Three Matches Announced For Next Month's No Way Out PPV
- Wrestle Zone Survey: Tell Us What You Want On The Site

## HOT DISCUSSIONS

- A Fair Review From "The...
- No Way Out: Ric Flair vs. Mr....
- Future DVD's & Review...
- Dave Meltzer's rating system
- [Offical] Edge Fan...

ADVERTISEMENT

We've Got Them – The **HOT** Pics Of Nancy Benoit In Hustler Magazine >>>!!

COPYRIGHT 2004-2007 CRAVE ONLINE LLC. ALL RIGHTS RESERVED. AN ATOMIC ONLINE PROPERTY.
TERMS OF USE | PRIVACY POLICY | CONTACT US

MORE IN THE CRAVE SPORTS NETWORK: CRAVE SPORTS | SHERDOG.COM

IN THE SUPERIOR COURT OF FAYETTE COUNTY
STATE OF GEORGIA

MAUREEN TOFFOLONI,                  )
as Administrator and Personal       )
Representative of the ESTATE        )
OF NANCY E. BENOIT,                 ) Civil Action File No.
                                    ) _____
        Plaintiff                   )   2008 V - 0185
v.                                  )
                                    )
LFP PUBLISHING GROUP, LLC.,         )
d/b/a Hustler Magazine, MARK        )
SAMANSKY, an individual,            )
And other distributors and sellers of )
Hustler Magazine, as Defendants X,  )
Y, and Z,                           )
                                    )
        Defendants.                 )


## MOTION FOR TEMPORARY RESTRAINING ORDER

COMES NOW Plaintiff Maureen Toffoloni, as Administrator and Personal

Representative of the Estate of Nancy E. Benoit and moves this Court, pursuant to O.C.G.A.

§ 9-11-65 for an Order temporarily restraining and enjoining Defendants from publishing

and/or selling any nude or partially nude photographs of Nancy Benoit.

As grounds for this Motion, Plaintiff shows that unless Defendants are

prevented from publishing these photographs, immediate and irreparable harm will result.

This harm is more fully detailed in Plaintiff's Verified Complaint and supporting exhibits

and in Plaintiff's Brief in Support of this Motion.

Plaintiff intends to give notice of this Motion, by way of facsimile and phone

call, to counsel for Defendants.

WHEREFORE, Plaintiff respectfully prays that this Motion be granted and that Defendants be temporarily restrained from publishing or selling nude or partially nude photographs of Nancy Benoit.

Respectfully submitted this _4th_ day of February, 2008 .

Richard P. Decker
State Bar of Georgia No.215600
DECKER, HALLMAN, BARBER &
BRIGGS
Attorneys for Plaintiff

260 Peachtree Street, N.W.
Suite 1700
Atlanta, Georgia 30303
(404) 522-1500

23052 wpd

- 2 -

IN THE SUPERIOR COURT OF FAYETTE COUNTY
STATE OF GEORGIA

MAUREEN TOFFOLONI,                        )
as Administrator and Personal             )
Representative of the ESTATE              )
OF NANCY E. BENOIT,                       ) Civil Action File No.
                                          ) _____
            Plaintiff                     )
v.                                        )   *2008 V-0185*
                                          )
LFP PUBLISHING GROUP, LLC.,               )
D/b/a Hustler Magazine, MARK              )
SAMANSKY, an individual,                  )
And other distributors and sellers of     )
Hustler Magazine, as Defendants X,        )
Y, and Z,                                 )
                                          )
            Defendants.                   )

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
## FOR TEMPORARY RESTRAINING ORDER

COMES NOW Plaintiff Maureen Toffoloni, as Administrator and Personal

Representative of the Estate of Nancy E. Benoit and files this Brief in Support of Plaintiff's

Motion for Temporary Restraining Order, and shows the Court as follows:

## I. FACTS

Until her untimely death in June 2007, Nancy Benoit had a career as a model

and professional female wrestler. *See* Verified Complaint ¶ 15.

Defendant LFP Publishing Group, LLC ("Defendant LFP") is the publisher

of "Hustler Magazine". Hustler Magazine is a pornographic magazine, published frequently,

upon information and belief, on a monthly basis. The majority of the content of each

monthly magazine is graphic and sexual photographs of nude women. *See* Verified Complaint ¶ 2, 7.

Defendant Mark Samansky is a photographer who photographed and videotaped Nancy Benoit approximately 20 years ago. *See* Verified Complaint ¶ 10.

The Defendants acting as "Hustler Magazine" intend to publish and sell, or have already published and sold in the so-called "March" issue of Hustler Magazine, nude and partially nude photographs of Nancy Benoit. *See* Verified Complaint ¶ 8. These pornographic photographs, Exhibit A to Plaintiff's Verified Complaint, are filed with the Court under seal. Without Nancy's permission, Defendant Samansky sold the photographs and/or still images from the videotape to Hustler Magazine for publication. Plaintiff does not know the amount of money that changed hands between Hustler Magazine and Mark Samansky. *See* Verified Complaint ¶ 17.

The photographs that Hustler Magazine intends to publish were created from a videotape made while Nancy Benoit, then known as Nancy Daus, was posing for photographs approximately 20 years ago. *See* Verified Complaint ¶ 9. Nancy Benoit was aware that she was being videotaped but did not give permission to Defendant Samansky to use the videotape in any way. *See* Verified Complaint ¶ 11; Affidavit of James Daus, ¶ 6. After the photographic session was over, Nancy Benoit immediately decided she did not want to have the photographs published, and she refused to give the photographer permission to do so. *See* Verified Complaint ¶ 12; Affidavit of James Daus, ¶ 7. Nancy

- 2 -

Benoit insisted that the photographer immediately destroy all photographs of her. Defendant Samansky represented to Nancy Benoit that all photographs and the videotape had been destroyed. Nancy Benoit believed that all photographs of her had been destroyed within a short time after they were made. *See* Verified Complaint ¶ 13; Affidavit of James Daus, ¶ 8.

Nancy Benoit did not want to have nude or partially nude photographs of herself published. *See* Verified Complaint ¶ 14; Affidavit of James Daus, ¶ 9.

Defendant Samanksy lied to Nancy and James Daus and did not destroy the videotape of Nancy Benoit. Defendant Samansky apparently created still photographs from the videotape and currently has possession of the videotape and photographs. *See* Verified Complaint ¶ 16.

On January 16, 2008, Counsel for Plaintiff sent a letter to Hustler Magazine requesting that Hustler refrain from publishing the photographs because publication of the photographs would be a violation of Nancy Benoit's right of publicity. *See* Verified Complaint ¶ 18 and Exhibit C thereto.

On January 25, 2008, counsel for Defendant LFP responded to counsel for Plaintiff indicating that Hustler denied Plaintiff's request and intended to publish nude and partially nude photographs in its March issue. *See* Verified Complaint ¶ 19 and Exhibit D thereto.

- 3 -

Hustler Magazine has already begun advertising the nude images of Nancy Benoit to its customers. Wrestle Zone, an online wrestling enthusiast website, contains a fan posting about the upcoming "March" issue of Hustler Magazine and a link to other photographs of Nancy Benoit. *See* Verified Complaint ¶ 21 and Exhibit E thereto.

## II. ARGUMENT AND CITATION OF AUTHORITY

Pursuant to O.C.G.A. §9-11-65, the Court may issue a temporary restraining order when "it clearly appears from specific facts shown by affidavit or by verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant..." Publication of these nude and/or partially nude photographs would cause immediate and irreparable harm to Nancy Benoit's right of publicity. *See* The Martin Luther King, Jr. Center for Social Change, Inc. v. American Heritage Products, Inc., 250 Ga. 135, 296 S.E.2d 697 (1982).

If the photographs of Nancy Benoit are published, Plaintiff will be immediately and irreparably harmed, in that the photographs cannot be unpublished. Once they are published, the public will always be able to see them. Furthermore, Plaintiff intends to file a wrongful death action in this Court on behalf of the Estate of Nancy Benoit concerning the murder of Nancy Benoit and her minor child Daniel Benoit. *See* Verified Complaint ¶ 24. If the photographs are published, Plaintiff will be immediately and irreparably harmed because the photographs may be seen by, and unfairly influence, the

- 4 -