IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAUREEN TOFFOLONI
as Administrator and Personal
Representative of the Estate of Nancy
E. Benoit,

   Plaintiff,

     v.

LFP PUBLISHING GROUP, LLC
doing business as
Hustler Magazine, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:08-CV-421-TWT

ORDER

This is an action seeking damages and injunctive relief arising out of the publication of nude photographs in Hustler Magazine. It is before the Court on the Defendant's Motion to Dismiss [Doc. 10] which is GRANTED.

I. Introduction

The Plaintiff is the mother of and the administrator of the estate of Nancy Benoit. Ms. Benoit, a Georgia resident, was the victim of a murder-suicide perpetrated by her husband Christopher Benoit in June 2007. Defendant LFP Publishing Group publishes Hustler Magazine, a self-styled "Gentlemen's Magazine."

(Def.'s Mot. to Dismiss, at 1). The Defendant LFP alleges that it is a "Delaware corporation with its principal place of business located in the State of California." (Notice of Removal ¶ 4). Defendant Mark Samansky, who is not a party to this Motion, is alleged to be a citizen of Colorado.

Christopher Benoit was a well-known professional wrestler. Ms. Benoit achieved her own level of fame as "a model, professional woman wrestler and public figure." (Compl. ¶ 15).

Approximately twenty years ago, Ms. Benoit (then Nancy Daus) posed nude for Defendant Samanksy, a photographer. (Compl. ¶ 9). After Defendant Samansky took photographs and video of the shoot, the Plaintiff alleges that Ms. Benoit requested that Samansky destroy the materials. (Compl. ¶ 13). However, Samansky kept the video and made photographic stills from the video. (Compl. ¶ 16). The Defendant LFP eventually obtained the stills and published them in an article about the Plaintiff in its March 2008 issue of Hustler Magazine. On February 4, 2008, the Plaintiff filed suit in the Superior Court of Fayette County, Georgia, seeking to enjoin the publication of the nude and semi-nude photographs in Hustler Magazine and seeking damages for violation of publicity. The case was removed to this Court, and this Court denied the Plaintiff's Motion for Temporary Restraining Order on February 8, 2008. The Defendant LFP Publishing now moves to dismiss.

## II. Motion to Dismiss Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1965-66 (2007); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts and even if the possibility of recovery is extremely "remote and unlikely." Twombly, 127 S. Ct. at 1965 (citations and quotations omitted). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Twombly, 127 S. Ct. at 1964). The

Supreme Court has rejected the "no set of facts" standard relied upon by the Plaintiff in opposing the Defendant's Motion to Dismiss. Twombly, 126 S. Ct. at 1969.

III. Discussion

The Defendant argues that there was no violation of publicity because the nude photographs were incident to a legitimate, timely news article concerning a matter of public interest. Georgia recognizes a right of publicity to protect against "the appropriation of another's name and likeness . . . without consent and for the financial gain of the appropriator ... whether the person whose name and likeness is used is a private citizen, entertainer, or ... a public figure who is not a public official." Martin Luther King, Jr., Center for Social Change, Inc. v. American Heritage Products, Inc., 250 Ga. 135, 143 (1982). The right of publicity grew out of a long-standing recognition of the right to privacy - "the Georgia Supreme Court became the first such court to recognize the right of privacy in Pavesich v. New England Life Ins. Co., 122 Ga. 190 (1905)." Martin Luther King, Jr., Center, at 138. An important limitation to the right of publicity is that it does not extend where the use is "authorized as an exercise of freedom of the press." Id.

The Plaintiff submits that the elements for a prima facie case for a violation of the right to publicity are: (1) a use of the owner's likeness or image; (2) used for the appropriator's commercial use or financial gain; and (3) done without the consent of

the owner of the right. (Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss, at 8). Both parties agree that the key issue in this case is whether the publication of Ms. Benoit's nude photographs constituted a strictly commercial use.

The Plaintiff argues that the publication of unauthorized photographs can be a violation of a right to publicity. See Cabaniss v. Hipsley, 114 Ga. App. 367 (1966) (Atlanta Playboy Club subject to liability where it ran advertisement featuring unauthorized picture of exotic dancer, thus appropriating image for commercial exploitation). The Plaintiff also argues that the publication is not entitled to first amendment protection because the pictures were not incidental to the story, but rather were the story. "[T]he essence of Hustler's 'business' is publishing salacious, overtly nude and partially nude photographs of women. . . . [V]irtually the sole purpose of the magazine consists of commercial exploitation of the publication of nude photographs of women." (Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss, at 11).

However, there is no dispute that Ms. Benoit's death was a "legitimate matter of public interest and concern." (Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss, at 10). Therefore the publication of Ms. Benoit's nude photographs cannot be described as a mere commercial benefit for the Defendant - although the Defendant (like nearly all journalistic outlets) no doubt seeks to profit from its publications. The Georgia Supreme Court has previously found no actionable right when a defendant featured

gratuitous, sensational photographs alongside a legitimate news article. <u>Waters v. Fleetwood</u>, 212 Ga. 161 (1956). In <u>Waters</u>, the plaintiff alleged a violation of privacy when photographs of her daughter's deceased body were published with a newspaper article concerning her death and subsequent investigation. <u>Id.</u> at 161-62. The court described the photographs as unsettling:

> These photographs were taken at close range, showing the gruesome effects of an atrocious crime, and displaying the dead body of the petitioner's child as an object of public curiosity. The photographs showed the decomposition of parts of the child's body, and showed it wrapped in chains.

<u>Id.</u> In addition to publishing the photographs with the newspaper article, the publisher also advertised and sold copies of the photographs. <u>Id.</u> at 162, 167. The court held that there was no violation of a right to privacy - even as to the reprinted photographs for sale separate from the newspaper article - because the death was a matter of legitimate public interest. <u>Id.</u> This holding provides a guidepost for what is "authorized as an exercise of freedom of the press," the exception carved from the right of publicity in <u>Martin Luther King</u>. "Were it otherwise, no newspaper might identify any person or any incident of his life without accounting to him for violation of his 'right to publicity'." <u>Martin Luther King, Jr., Center</u>, 250 Ga. at 151-52 (Weltner, J. concurring). The freedom of press exception to the right of publicity generally, combined with the <u>Waters</u> court's specific view of what is in the legitimate

public interest, precludes a cause of action for violation of publicity rights in this case. The fact that the Court personally views publication of the photographs to be offensive and distasteful is not determinative.

## IV. Conclusion

For the reasons set forth above, the Defendant's Motion to Dismiss [Doc. 10] is GRANTED.

SO ORDERED, this 3 day of October, 2008.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge