IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAUREEN TOFFOLONI
as Administrator and Personal
Representative of the Estate of Nance
E. Benoit,

   Plaintiff,

     v.

LFP PUBLISHING GROUP, LLC
doing business as
Hustler Magazine, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:08-CV-421-TWT

ORDER

This is an action seeking damages arising out of the publication of nude photographs in Hustler Magazine. It is before the Court on the Plaintiff's Motion for Partial Summary Judgment [Doc. 50] which is DENIED.

I. Background

Plaintiff Maureen Toffoloni is the mother of Nancy Benoit. Ms. Benoit was "a model, professional woman wrestler and public figure." (Compl. ¶ 15). Her husband, Christopher Benoit, was a well-known professional wrestler. Mr. Benoit murdered Ms. Benoit in June 2007 and then committed suicide. Defendant LFP Publishing

Group publishes Hustler Magazine, a self-styled "Gentlemen's Magazine." (Def.'s Mot. to Dismiss, at 1). In the March 2008 issue of Hustler, LFP published an article about Ms. Benoit that included nude photographs of her that were taken approximately twenty years earlier.

On February 4, 2008, the Plaintiff filed suit in the Superior Court of Fayette County, Georgia, seeking to enjoin the publication of the nude and semi-nude photographs in Hustler Magazine and seeking damages for the violation of Ms. Benoit's right of publicity. The case was removed to this Court, which denied the Plaintiff's motion for a temporary restraining order on February 8, 2008. On October 6, 2008, the Court granted LFP's motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, finding that the photographs fell under the "newsworthiness" exception to Georgia's right of publicity. Toffoloni appealed the decision to the United States Court of Appeals for the Eleventh Circuit, which reversed the decision and remanded the case for further proceedings. The Plaintiff now moves for partial summary judgment with respect to liability.

## II. Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III. Discussion

"[T]he appropriation of another's name and likeness . . . without consent and for the financial gain of the appropriator is a tort in Georgia." Martin Luther King, Jr. Ctr. for Soc. Change, Inc. v. American Heritage Prods., Inc., 694 F.2d 674, 680 (11th Cir. 1983). A "newsworthiness" exception exists "where an incident is a matter of public interest, or the subject matter of a public investigation." Waters v. Fleetwood, 212 Ga. 161, 167 (1956). On appeal, the Eleventh Circuit held that the photographs of Ms. Benoit were not a matter of public interest protected by the newsworthiness exception. However, the parties still dispute other issues related to liability, including whether Toffoloni is a party-in-interest with legal standing to assert a posthumous claim for the violation of Ms. Benoit's right of publicity; and whether Ms. Benoit signed a release or otherwise authorized the publication of the images. Contrary to

Toffoloni's assertions, the Eleventh Circuit did not resolve these issues. Instead, the court assumed that the relevant facts pleaded by Toffoloni were true pursuant to the applicable motion to dismiss standard. Cf. Mills v. Foremost Ins. Co., 511 F.3d 1300 (11th Cir. 2008) ("We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.") Such an assumption does not and cannot resolve the remaining factual issues. See FTC v. Citigroup Inc., No. 01-cv-606-JTC, 2001 WL 1763439, at *2 (N.D. Ga. Dec. 21, 2001) ("A motion to dismiss concerns only the complaint's legal sufficiency and is not a procedure for resolving factual questions or for addressing the merits of the case.").

The Plaintiff also asserts that LFP cannot identify any evidence disputing the Plaintiff's claim. In response, LFP asks that the Court deny the motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(f). Rule 56(f) provides:

> If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

In applying this rule, courts have held that a party opposing a summary judgment motion in this fashion "must conclusively justify his entitlement to the shelter of Rule

56(f) by presenting specific facts explaining the inability to make a substantive response as required by Rule 56(e) and by specifically demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." Reynard v. NEC Corp., 887 F. Supp. 1500, 1508 (M.D. Fla. 1995) (quoting SEC v. Spence & Green Chem. Co., 612 F.2d 896 (5th Cir. 1980)).

In the affidavit submitted with LFP's response brief, counsel for LFP claims that further discovery is necessary to adequately address whether Toffoloni is a party-in-interest with ownership of Ms. Benoit's right of publicity claim and whether Ms. Benoit signed a release or otherwise authorized the publication of the photographs. (Bauer Aff. ¶ 7.) LFP believes that, particularly in light of her association with professional wrestling organizations, Ms. Benoit may have licensed or otherwise transferred substantial rights to commercially exploit her name and likeness. (Bauer Aff. ¶ 8.) According to LFP, many relevant facts, including the names of Ms. Benoit's agents, licensees, and business partners, are within the control or personal knowledge of Toffoloni. (Bauer Aff. ¶ 8.) See also Denton v. United States, No. 04-cv-3285-RLV, 2006 WL 1734261, at *4 n.2 (N.D. Ga. June 21, 2006) ("In a typical situation, Rule 56(f) is applied where the opposing party is unable to justify his opposition because knowledge of the relevant facts is exclusively with or largely

within the control of the moving party."). Accordingly, LFP seeks discovery relating to, among other things, Ms. Benoit's professional contracts and licensing agreements. (Bauer Aff. ¶ 6.) These assertions, with those contained in LFP's affidavit, satisfy the requirements of Rule 56(f) by showing that Toffoloni may still possess discoverable evidence that could create a genuine issue of material fact. Therefore, the Court finds that continued discovery is warranted under Rule 56(f) and that partial summary judgment for Toffoloni is inappropriate at this time.

## IV. Conclusion

For the reasons stated above, the Plaintiff's Motion for Partial Summary Judgment [Doc. 50] is DENIED.

SO ORDERED, this 12 day of January, 2010.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge