## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

MAUREEN TOFFOLONI,                )
as Administrator and Personal     )
Representative of the ESTATE      )
OF NANCY E. BENOIT,               )
                                  )    CASE NO. 1:08-cv-00421-TWT
            Plaintiff,            )
                                  )
      vs.                         **)**
                                  )
**LFP PUBLISHING GROUP, LLC,** )
d/b/a Hustler Magazine, et al,    )
                                  )
            Defendant.            )

## DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S
## MOTION TO COMPEL RESPONSE

NOW COMES Defendant LFP Publishing Group, LLC d/b/a Hustler

Magazine, et al. ("LFP") and hereby respectfully submits this Brief in Opposition

to Plaintiff's Motion to Compel Discovery Response ("Plaintiff's Motion"),

Docket Index ("D.I.") 75, and asserts as follows:

### I.      Introduction

Plaintiff seeks to compel LFP to respond to certain discovery requests in

which Plaintiff asks for financial and net worth information of LFP and several

non-parties "for purposes of Plaintiff's claim for punitive damages."  LFP timely

objected to this impermissible "punitive damages" discovery, and also submitted a Motion for Protective Order (D.I. 73) in which it respectfully requested that this Court forbid Plaintiff from inquiring into this improper subject matter.[1]

Plaintiff's "punitive damages" discovery requests are improper because Plaintiff's Complaint does not state a valid claim for an award of punitive damages. Plaintiff does not -- nor could she in good faith -- allege that LFP acted with the premeditation and willful, continuing disregard for the law required to state a claim for punitive damages for a violation of Georgia's right of publicity. It cannot be legitimately contended that LFP did not reasonably, and in good faith, believe it had the right under the U.S. Constitution to publish the images of Ms. Benoit at issue; and in any event LFP agreed not to republish the materials after learning of Plaintiff's Complaint.

Even if Plaintiff's "punitive damages" discovery were proper, she asserts no legal basis for her claim that she may obtain and compel discovery of <u>non-parties</u> through requests made to LFP.

For these reasons, and those set forth in more detail in LFP's Motion for Protective Order and Brief in Support, D.I. 73, Plaintiff's Motion to Compel is improper and should be denied.

---

[1] Plaintiff did not formally respond to LFP's Motion for Protective Order, which is thus now ripe for hearing by the Court.

## II.    Plaintiff's Discovery Requests

The improper "punitive damages" discovery sought by Plaintiff from LFP and non-parties LE Publishing, LLC, LE Publishing Advisors, LLC and L.F.P., Inc. is set out in full in LFP's Brief in Support of its Motion for Protective Order, D.I. 73-2 at 3-4, and are incorporated herein.

## III.    Argument and Citation of Authority

Plaintiff's Motion should be denied for the same reasons LFP is entitled to entry of a protective order prohibiting the discovery sought by Plaintiff, and LFP incorporates its motion for protective order and brief in support, D.I. 73-1 & 73-2, herein.  For the Court's convenience a very brief summary of LFP's argument in support of its motion for protective order, and in opposition to Plaintiff's Motion, is offered below.

### A.    Plaintiff Is Not Entitled To "Punitive Damages" Discovery Because Her Complaint Does Not And Cannot State A Valid Claim For Punitive Damages

Punitive damages may be obtained for a violation of Georgia's right of publicity <u>only</u> where "the acts of the defendant have been of such a character to import premeditation or knowledge <u>and</u> consciousness of the appropriation <u>and</u> its continuation." *Cabaniss v. Hipsley*, 114 Ga. App. 367, 386-87, 151 S.E.2d 496, 509 (1966) (emphasis added); *see also Alonso v. Parfet*, 253 Ga. 749, 750, 325

S.E.2d 152, 154 (1985) (quoting *Cabaniss*).[2] Plaintiff's Complaint does not, nor in good faith could she allege that LFP acted with the premeditation, malicious intent and continuing appropriation required to justify a claim for punitive damages under Georgia law.

Plaintiff's Complaint asserts only one conclusory sentence in support of her claim for punitive damages: "Defendants are liable to Plaintiff for actual and punitive damages for violation of Nancy Benoit's right of publicity in an amount to be determined by a jury." (Pl. Cmplt., D.I. 1 at ¶ 30.) This naked demand is insufficient to authorize "punitive damages" discovery under the pleading standards articulated by the U.S. Supreme Court in *Bell Atlantic. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. ----, 129 S. Ct. 1937 (2009).

Further, the Complaint's pleading deficiencies cannot be cured by merely amending her Complaint to allege that LFP acted with premeditation, conscious knowledge of an unlawful appropriation of Ms. Benoit's image, and continuation

---

[2] Plaintiff is mistaken when she argues, D.I. 75-2, Pl. Brief at 6, that *Cabaniss* "deals only with the *right of privacy*, and does not address Georgia's right of publicity laws." (Emphasis in original.) In *Cabaniss* the Court of Appeals reversed the jury verdict for plaintiff under the "appropriation" -- or right of publicity -- theory. In any event, in *Alonso* (the case cited by Plaintiff for the punitive damages legal standard for right of publicity cases), the Georgia Supreme Court adopted verbatim the *Cabaniss* standard for an award of punitive damages in a publicity case.

of the appropriation after Plaintiff's complaint. This is because, as Plaintiff knows (*see* correspondence at D.I. 73-10, 73-11 and 73-12), the March 2008 issue of *Hustler* Magazine (which included the article about and images of Ms. Benoit) was printed, delivered to subscribers, and available for retail purchase by the public on January 8, 2008, <u>before</u> Plaintiff's January 16, 2008 demand letter was sent to LFP, and well before Plaintiff's February 5, 2008 Complaint and Motion for Temporary Restraining Order were filed.[3]  *See* correspondence, D.I. 73-12 at p. 1.  Moreover, after learning of Plaintiff's complaint, LFP voluntarily agreed that it would not republish the images of Ms. Benoit in any future issue of *Hustler* magazine nor authorize or license their republication by any other licensees. (*See* Affidavit of D. Hahner, D.I. 3-1 at ¶ 6.)    Thus there was no "continuation" of the alleged appropriation -- even though LFP has always believed it had the right to publish the images.

Finally, Plaintiff may not legitimately or in good faith allege that LFP knowingly and intentionally violated Ms. Benoit's right of publicity where it is clear LFP had a <u>reasonable</u> belief that its publication of the images of Ms. Benoit is privileged under the First Amendment to the U.S. Constitution as part of a

---

[3]  In fact, the April 2008 issue of Hustler had already been distributed and made available for sale, and the March 2008 issue taken off the shelves, by the time Plaintiff's lawsuit was filed.

legitimate news article on her life and career.  That this belief was reasonable at the time LFP made its decision to publish the article about and images of Ms. Benoit cannot be seriously disputed where even this Honorable Court agreed that the Constitution protected the publication at issue in this case.  (*See* Dismissal Order, D.I. 13).

**B.     Plaintiff's Attempt to Obtain Discovery of Non-Parties From Defendant LFP Is Improper**

Plaintiff's Motion to Compel asks the Court to order <u>LFP</u> to produce "punitive damages" discovery of <u>non-parties</u> L.F.P., Inc., LE Publishing Advisors, LLC, and LE Publishing, LLC, which are separate and distinct legal entities from LFP.  None of these non-parties is alleged to have published any image of Ms. Benoit, and Plaintiff has offered no explanation as to why any discovery from these non-parties is relevant, much less why corporate formalities may be disregarded and discovery from these entities appropriately directed to LFP.  Accordingly, Plaintiff has no right to seek from LFP discovery requests directed to non-parties.

**C.   There Is No Basis For An Award Of Plaintiff's Attorneys' Fees And Costs Associated With Her Motion To Compel**

As described above, Plaintiff's Motion is not grounded in law or in fact. Accordingly, there is no basis to grant the relief she seeks, and LFP submits her request for attorneys' fees and costs should also be denied.

## IV.   Conclusion

For the reasons set forth herein, LFP respectfully requests that this Court deny Plaintiff's Motion to Compel.

Respectfully submitted this 26th day of January 2010.

*/s/ Darrell J. Solomon*
James C. Rawls
Georgia Bar No. 596050
Barry J. Armstrong
Georgia Bar No. 022055
S. Derek Bauer
Georgia Bar No. 042537
Darrell J. Solomon
Georgia Bar No. 305922

McKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, NE, Suite 5300
Atlanta, Georgia  30308
(404) 527-4000
(404) 527-4198 (facsimile)

*Pro hac vice*:

Paul J. Cambria, Jr.
Jeffrey Reina
William M. Feigenbaum

LIPSITZ GREEN SCIME CAMBRIA
LLP
42 Delaware Avenue, Suite 120
Buffalo, NY  14202-3924
(716) 849-1333
(716) 849-1315 (facsimile)

Attorneys for LFP Publishing Group,
LLC

## CERTIFICATION OF COUNSEL

Pursuant to N.D. Ga. Local Rule 7.1D, I hereby certify that this document is submitted in Times New Roman 14 point type as required by N.D. Ga. Local Rule 5.1B.

/s/ Darrell J. Solomon
Darrell J. Solomon
Georgia Bar No. 305922

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed the within and foregoing DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSE via the CM/ECF system which will automatically send notification to Plaintiff's attorneys of record, who are participants in the CM/ECF system.

This 26th day of January 2010.

/s/ Darrell J. Solomon
Darrell J. Solomon
Georgia Bar No. 305922

MCKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, Suite 5300
Atlanta, Georgia  30308
(404) 527-4000
(404) 527-4198     (facsimile)

ATLANTA:5203980.1