UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| MAUREEN TOFFOLONI, <br> as Administrarix and Personal <br> Representative of the <br> ESTATE OF NANCY E. BENOIT, <br><br> Plaintiff, <br><br> v. <br><br> LFP PUBLISHING GROUP, LLC, <br> d/b/a Hustler Magazine, <br> MARK SAMANSKY, an Individual, <br> and other distributors and sellers of, <br> Hustler Magazine, as <br> Defendants X, Y, and Z, <br><br> Defendants. | CIVIL ACTION <br> FILE NO. 1:08-CV-0421-TWT |

### PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSE

COMES NOW, Plaintiff, Maureen Toffoloni, as Administratrix and Personal Representative of the Estate of Nancy E. Benoit ("Plaintiff"), through counsel, and files this her Reply to Defendant's Response to Plaintiff's Motion to Compel the Discovery Responses of Defendant LFP Publishing Group, LLC (herein "LFP" or "Defendant") with this Court as follows:

3197-007\\Pleading\33383.wpd

## INTRODUCTION

Plaintiff propounded discovery upon Defendant on October 16, 2009, consisting of Plaintiff's First Interrogatories and First Request for Production of Documents. Defendant responded to these discovery requests on November 30, 2009, objecting to certain requests relating to the financial condition of Defendant and some of its closely related corporate entities. On January 7, 2010, Defendant filed a Motion for Protective Order related to the disputed discovery requests, while on January 12, 2010, Plaintiff filed a Motion to Compel the responses related to these same discovery requests. Defendant filed its Response to Plaintiff's Motion to Compel on January 26, 2010, to which Plaintiff now files her Reply.

## ARGUMENT AND CITATION TO AUTHORITY

Plaintiff is entitled to responses to the discovery materials sent to Defendant, because such information is necessary for the calculation of punitive damages, and Plaintiff properly plead facts appropriate for the issuance of punitive damages in her Complaint. Plaintiff made all claims necessary for a jury to find that punitive damages should be awarded in this case, and case law is clear that the financial information requested of Defendant may be used in the calculation of punitive damages. *See Carter v. Spells*, 229 Ga. App. 441, 494 S.E.2d 279 (1997);

*Southeastern Sec. Ins. Co. v. Hotle*, 222 Ga. App. 161, 473 S.E.2d 256 (1996); and *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 575, 116 S. Ct. 1589 (1996). However, even if Plaintiff does not pursue punitive damages against Defendant, Plaintiff would nevertheless be entitled to responses to her discovery requests, as such information is crucial for the purpose of accurately calculating the actual damages sustained by Plaintiff in this case.

### A. **Punitive Damages are Properly Plead.**

The arguments presented in Defendant's Brief in Support of its Motion for Protective Order, and incorporated in Defendant's Response to Plaintiff's Motion to Compel, do not preclude Plaintiff's request for punitive damages. Though Defendant belittles the claim for punitive damages clearly made in Plaintiff's Complaint, the facts alleged in the Complaint support such an award.

Defendant's publication of the pirated images of Ms. Benoit was not negligent, as was the case in *Cabaniss v. Hipsley*, 114 Ga. App. 367, 151 S.E.2d 496 (1996), cited by Defendant in its Response. Instead, Defendant's unauthorized use of Ms. Benoit's image was both purposeful and willful. Defendant claims to have relied in good faith on the newsworthiness exception to the right of publicity, based upon the First Amendment to the Constitution. However, Defendant's extensive experience in

the field of constitutional and appropriation law should have placed Defendant on notice that it's actions could not fall within the newsworthiness exception, and that the pretense of posting a cursory article along with the disputed photographs would not shield such unlawful appropriation. As stated in Plaintiff's Complaint, "Defendant LFP's publication of the photographs is not authorized as an exercise of the freedom of the press because publication of nude and partially nude photographs of Nancy Benoit are not necessary or relevant to a 'legitimate and serious news article.'" *See* Complaint ¶ 20. The 11th Circuit Court of Appeals agreed, stating that, "LFP's brief biography of Benoit's life, even with its reference to her youthful pursuit of modeling, is merely incidental to its publication of her nude photographs. Therefore, the biographical piece cannot suffice to render the nude photographs newsworthy." *See* June 25, 2009 Order p. 16.

Defendant's intimate familiarity with First Amendment law should have put Defendant on notice that such a feeble attempt at placing the Defendant's unlawful activities within the safe harbor of the Constitution would not pass judicial scrutiny. Defendant proceeded to publish the pirated photos, with knowledge and consciousness of the unlawful appropriation.

In addition, because the images were distributed across the country, and indeed, internationally, the continued existence and circulation of these images constitutes the continuation of the appropriation that Defendant maintains is required to claim punitive damages. It is not enough that Defendant agreed not to republish the images in future issues. The continued existence of these photographs in the public domain constitutes a continuation of the appropriation that merits an award of punitive damages.

### B. Information Necessary for Calculation of Actual Damages.

Nevertheless, while Plaintiff has successfully argued in her Motion to Compel that punitive damages are merited in this case, even in the absence of such a request for punitive damages, Plaintiff remains entitled to the discovery that has been withheld by Defendant. Information relating to Defendant's financial condition and the condition of its related entities is necessary for review by Plaintiff and her expert witnesses for the accurate calculation of actual damages.

The financial information requested by Plaintiff is necessary for Plaintiff's expert witnesses to review and analyze, as the trends in Defendant's business over time could inform Plaintiff's calculation of actual damages. For example, it is possible that a review of Defendant's financial documents, as well as

the financial records of companies closely related to Defendant, could indicate an increasing trend over time that could be attributable to Defendant's unauthorized use of the photographs of Ms. Benoit. Analyzing this data, even if it not presented as evidence to a jury, is necessary for Plaintiff to establish accurate actual damages in this case.

"The measure of damages in an unsanctioned appropriation case such as this is the value of the benefit derived by the person appropriating the other's name or likeness." *See* <u>Alonso v. Parfet</u>, 253 Ga. 749 at 750, 325 S.E.2d 152 (1985). Therefore, to accurately calculate actual damages, Plaintiff must discover the *total* value of the benefit derived by the Defendant in appropriating Ms. Benoit's likeness. This includes not only the sales of the magazine that contained the disputed photographs themselves, but also any increase in sales of subsequent issues over time indicating increased readership due to the images unlawfully published by Defendant. In the same way, it is necessary for Plaintiff to review the same financial information for Defendant's related entities, as any value gained by them by the unlawful appropriation of Ms. Benoit's image should be considered in a calculation of actual damages.

As Defendant is aware, Georgia law is inclusive in its view towards discoverable material, and allows the discovery of anything that is "reasonably calculated to lead to the discovery of admissible evidence." *See* O.C.G.A. § 9-11-26. The financial information requested by Plaintiff is calculated to lead to the discovery of the amount of actual damages owed to Plaintiff. As such, Plaintiff has a right to review such materials, and Defendant has an obligation to produce them.

## CONCLUSION

For these reasons, and the reasons set forth in Plaintiff's Brief in Support of Motion to Compel, Plaintiff's Motion should be GRANTED, and the requested information and documentation be forwarded to Plaintiff's counsel as soon as possible. In addition, Plaintiff asks that Defendant be directed to reimburse Plaintiff for attorneys' fees and other costs incurred in bringing her Motion to Compel.

[signature on following page]

Respectfully submitted February 4, 2010.

*/s/ Zachary M. Wilson III*
RICHARD P. DECKER
State Bar of Georgia #215600
F. EDWIN HALLMAN, JR.
State Bar of Georgia #319800
RICHARD A. WINGATE
State Bar of Georgia #770617
ZACHARY M. WILSON III
State Bar of Georgia #559581

For HALLMAN & WINGATE, LLC
Attorneys for Plaintiff

166 Anderson Street, S.E.
Suite 210
Marietta, Georgia 30060
(404) 588-2530

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| MAUREEN TOFFOLONI, )<br>as Administrarix and Personal )<br>Representative of the )<br>ESTATE OF NANCY E. BENOIT, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>LFP PUBLISHING GROUP, LLC, )<br>d/b/a Hustler Magazine, )<br>MARK SAMANSKY, an Individual, )<br>and other distributors and sellers of, )<br>Hustler Magazine, as )<br>Defendants X, Y, and Z, )<br> )<br>Defendants. ) | CIVIL ACTION<br>FILE NO. 1:08-CV-0421-TWT |

## CERTIFICATE OF SERVICE

This is to certify that on February 4, 2010, I have electronically filed the foregoing Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Compel Discovery Response with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

3197-007\\Pleading\33383.wpd

James Clifton Rawls, Esq.
S. Derek Bauer, Esq.
Barry J. Armstrong, Esq.
Darrell Jay Solomon, Esq.
Jeffrey F. Reina, Esq.
Paul J. Cambria, Esq.

and by placing a copy of same in the United States Mail in a properly addressed envelope with adequate postage thereon to:

William M. Feigenbaum, Esq.
Lipsitz, Green, Scime, Cambria, LLP
42 Delaware Avenue, Suite 120
Buffalo, NY 14202

/s/ *Zachary M. Wilson III*
ZACHARY M. WILSON III
State Bar of Georgia #559581

For HALLMAN & WINGATE, LLC
Attorneys for Plaintiff

166 Anderson Street, S.E.
Suite 210
Marietta, Georgia 30060
(404) 588-2530