# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

MAUREEN TOFFOLONI,
as Administrator and Personal
Representative of the ESTATE
OF NANCY E. BENOIT,

       Plaintiff,

vs.

LFP PUBLISHING GROUP, LLC,
d/b/a *Hustler* Magazine, et al.,

       Defendant.

CASE NO. 1:08-cv-00421-TWT

## <u>DEFENDANT'S REQUESTED JURY CHARGES</u>

NOW COMES Defendant LFP Publishing Group LLC, d/b/a *Hustler* Magazine ("LFP"), pursuant to LR 51.1, and hereby submits its proposed jury charges and statement of LFP's contentions for use in the Court's charges to the jury.

Respectfully submitted this 12th day of June 2011.

/s/ S. Derek Bauer
James C. Rawls
Georgia Bar No. 596050
Barry J. Armstrong
Georgia Bar No. 022055
S. Derek Bauer
Georgia Bar No. 042537
Darrell J. Solomon
Georgia Bar No. 305922

McKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, NE, Suite 5300
Atlanta, Georgia  30308
(404) 527-4000
(404) 527-4198 (facsimile)

*Pro hac vice*:

Paul J. Cambria, Jr.
Jeffrey Reina
William M. Feigenbaum

LIPSITZ GREEN SCIME CAMBRIA
LLP
42 Delaware Avenue, Suite 120
Buffalo, New York  14202-3924
(716) 849-1333
(716) 849-1315 (facsimile)

Attorneys for LFP Publishing Group,
LLC

# I.     INTRODUCTORY REMARKS

## REQUESTED CHARGE NO. 1 - INTRODUCTION

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.  When I have finished you will go to the jury room and begin your discussions – what we call your deliberations.

## II.    INTRODUCTORY REMARKS

<u>REQUESTED CHARGE NO. 1 – INTRODUCTION</u>

BASIC INSTRUCTIONS NO. 1, ELEVENTH CIRCUIT PATTERN JURY
INSTRUCTIONS (CIVIL CASES), 2005

<u>REQUESTED CHARGE NO. 2 - CONSIDERATION OF THE EVIDENCE;</u>
<u>DUTY TO FOLLOW INSTRUCTIONS;</u>
<u>CORPORATE PARTY INVOLVED</u>

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law

makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

<u>REQUESTED CHARGE NO. 2 - CONSIDERATION OF THE EVIDENCE;</u>
<u>DUTY TO FOLLOW INSTRUCTIONS;</u>
<u>CORPORATE PARTY INVOLVED</u>

BASIC INSTRUCTIONS NO. 2.2, ELEVENTH CIRCUIT PATTERN JURY
INSTRUCTIONS (CIVIL CASES), 2005

## REQUESTED CHARGE NO. 3 - CREDIBILITY OF WITNESSES

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

REQUESTED CHARGE NO. 3 - CREDIBILITY OF WITNESSES

BASIC INSTRUCTIONS NO. 3, ELEVENTH CIRCUIT PATTERN JURY
INSTRUCTIONS (CIVIL CASES), 2005

REQUESTED CHARGE NO. 4 - IMPEACHMENT OF WITNESSES;
INCONSISTENT STATEMENT

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact, or with only an unimportant detail.

## REQUESTED CHARGE NO. 4 - IMPEACHMENT OF WITNESSES; INCONSISTENT STATEMENT

BASIC INSTRUCTIONS NO. 4.1, ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES), 2005

REQUESTED CHARGE NO. 6 - DUTY TO DELIBERATE WHEN ONLY THE
PLAINTIFF CLAIMS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember that in a very real way you are judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

REQUESTED CHARGE NO. 6 - DUTY TO DELIBERATE WHEN ONLY THE
PLAINTIFF CLAIMS DAMAGES

BASIC INSTRUCTIONS NO. 7.1, ELEVENTH CIRCUIT PATTERN JURY
INSTRUCTIONS (CIVIL CASES), 2005

## REQUESTED CHARGE NO. 7 - ELECTION OF FOREPERSON; EXPLANATION OF VERDICT FORM

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

## REQUESTED CHARGE NO. 7 - ELECTION OF FOREPERSON; EXPLANATION OF VERDICT FORM

BASIC INSTRUCTIONS NO. 8, ELEVENTH CIRCUIT PATTERN JURY INSTRUCTIONS (CIVIL CASES), 2005

## II.    COMPENSATORY DAMAGES

<u>REQUESTED CHARGE NO. 8</u>

Plaintiff is entitled to recover monetary damages for Defendant's use of the likeness of Ms. Benoit without Plaintiff's permission.

The measure of those monetary damages is defined as the unjust enrichment – that is, the value – to Defendant for the use of the Benoit images in the manner and for the time they were appropriated, and not by the injury to plaintiff's feelings or reputation.

In this case, the proof of the value for the time and manner in which the images were appropriated is the value of Defendant's use of the images in a two-page editorial in the March 2008 issue of *Hustler* Magazine.  In other words, the measure of damages in this case is what Defendant would have paid to Plaintiff, but did not, for publication of the posed images of Nancy Benoit in a two-page feature.  For this, you may consider what Defendant customarily paid for similar uses of images portraying posed models or celebrities both before and after the publication of the March 2008 issue of *Hustler* Magazine.

## II.    COMPENSATORY DAMAGES

<u>REQUESTED CHARGE NO. 8</u>

*Cabaniss v. Hipsley*, 114 Ga. App. 367, 381, 151 S.E.2d 496, 506 & 509 (1966); *Whisper Wear, Inc. v. Morgan*, 627 S.E.2d 178, 181 (2006).

## II.    COMPENSATORY DAMAGES

<u>REQUESTED CHARGE NO. 9</u>

What plaintiff would have demanded that Defendant pay for the use of the images is irrelevant to your determination of the unjust enrichment to Defendant for the use of the Benoit images.

## II.    COMPENSATORY DAMAGES

<u>REQUESTED CHARGE NO. 9</u>

*Zampatti v. Tradebank Int'l. Franchising Corp*., 508 S.E.2d 750, 757 (Ga. App.

1998).

## II.    COMPENSATORY DAMAGES

<u>REQUESTED CHARGE NO. 10</u>

You are not to permit sympathy for the Plaintiff, or the impact of Defendant's use of the Benoit images on Plaintiff's feelings or emotions to enter into your consideration of the amount Defendant would have paid for the use of the images.

## II.    COMPENSATORY DAMAGES

<u>REQUESTED CHARGE NO. 10</u>

O.C.G.A. § 15-12-138; Ga. Suggested Pattern Jury Instruction No. 02.550,

Vol. 1, Civil Cases, Fourth Edition, p. 21.

## II.    COMPENSATORY DAMAGES

<u>REQUESTED CHARGE NO. 11</u>

The amount of compensatory damages must be reasonable and based upon a preponderance of specific evidence in the case.  You are not permitted to award speculative damages.   This means you are not to include in the verdict compensation amounts which are arrived at through conjecture and/or guesswork.

## II.    COMPENSATORY DAMAGES

<u>REQUESTED CHARGE NO. 11</u>

*Imran v. Bone*, 259 Ga. App. 591, 592, 578 S.E.2d 178, 179 (2003).

### III.   PUNITIVE DAMAGES

<u>REQUESTED CHARGE NO. 12</u>

You are also being asked to deliberate on whether punitive damages should be awarded to Plaintiff for Defendant's use of the Benoit images without her permission.

Under Georgia law, punitive damages may only be awarded for Defendant's violation of Ms. Benoit's right of publicity if you find, by "clear and convincing evidence," that the acts of the defendant have been of such a character to import premeditation or knowledge and consciousness of the appropriation and its continuation.

## III.   PUNITIVE DAMAGES

<u>REQUESTED CHARGE NO. 12</u>

*Alonso v. Parfet*, 253 Ga. 749, 750, 325 S.E.2d 152, 154 (1985) (quoting

*Cabaniss*, 114 Ga. App. at 386-87, 151 S.E.2d 496).

## III.   PUNITIVE DAMAGES

### REQUESTED CHARGE NO. 13

"Clear and convincing evidence" is a higher standard of proof to meet than proof by a preponderance of the evidence.  To be "clear and convincing" the evidence must leave no substantial doubt in your mind.  Clear and convincing evidence is evidence that is highly probable, clear, explicit, and unequivocal.

### III.    PUNITIVE DAMAGES

REQUESTED CHARGE NO. 13

*Time, Inc. v. Hill*, 385 U.S. 374, 87 S.Ct. 534 (1967).

### III.   PUNITIVE DAMAGES

<u>REQUESTED CHARGE NO. 14</u>

You may thus only find that punitive damages should be awarded in this case if Plaintiff has proven by highly probable, clear, explicit and unequivocal evidence that (1) Defendant knew it was acting unlawfully when it published the Benoit images without Plaintiff's permission, (2) Defendant nevertheless consciously elected to do so, and (3) Defendant continued to make unlawful use of the Benoit images after learning the use was unlawful.

## III.   PUNITIVE DAMAGES

### REQUESTED CHARGE NO. 14

*Alonso v. Parfet*, 253 Ga. 749, 750, 325 S.E.2d 152, 154 (1985) (quoting

*Cabaniss*, 114 Ga. App. at 386-87, 151 S.E.2d 496).

### III.    PUNITIVE DAMAGES

<u>REQUESTED CHARGE NO. 15</u>

An award of punitive damages is to be made only when it appears that there were aggravating circumstances, either in the act or the intention of Defendant. Mere negligence can never amount to such aggravating circumstances.  That is, an award of punitive damages is not permitted merely because Defendant should have known that it was acting unlawfully, but did not in fact intend to act unlawfully. You may not award punitive damages if you find that Defendant has acted innocently, as for example with the reasonable belief that it did not need Plaintiff's permission to use the Benoit images as they were used in the March 2008 issue of *Hustler* Magazine.

### III.   PUNITIVE DAMAGES

REQUESTED CHARGE NO. 15

*Cabaniss v. Hipsley*, 114 Ga. App. 367, 383 & 386, 151 S.E.2d 496, 507 & 509 (1966).

### III.   PUNITIVE DAMAGES

REQUESTED CHARGE NO. 16

If you find that Defendant reasonably believed that its publication of the Benoit images was lawful and protected by the First Amendment to the United States Constitution, you may not award punitive damages.  In considering whether it was reasonable for Defendant to believe its publication of the Benoit images without Plaintiff's permission was lawful and protected by the First Amendment, you may consider that an individual's right of publicity is limited by the fundamental rights to freedom of speech and freedom of the press guaranteed by the United States Constitution.   Accordingly, the Georgia Supreme Court has adopted a "newsworthiness" exception to the right of publicity:  where an incident is a matter of public interest, or the subject matter of a public investigation, a publication in connection therewith can be a violation of no one's legal right of privacy.   In other words, where the publication is newsworthy, the right of publicity gives way to freedom of the press.

### III.    PUNITIVE DAMAGES

REQUESTED CHARGE NO. 16

U.S. CONST. amend. I.

*Waters v. Fleetwood*, 212 Ga. 161, 167, 91 S.E.2d 344, 348 (1956).

*Toffoloni v. LFP Publishing Group, LLC*, 572 F.3d 1201, 1208 (11th Cir. 2009).

### III.   PUNITIVE DAMAGES

### REQUESTED CHARGE NO. 17

"Newsworthiness" extends beyond the traditional concept of news.  The scope of a matter of legitimate concern to the public is not limited to 'news,' in the sense of reports of current events or activities.  It extends also to the use of names, likenesses or facts in giving information to the public for purposes of education, amusement or enlightenment, when the public may reasonably be expected to have a legitimate interest in what is published.  There is no doubt that entertainment, as well as news, enjoys First Amendment protection.

If you find that Defendant reasonably believed that its publication of images of Nancy Benoit as part of an article in *Hustler* Magazine about her life and death was newsworthy and of interest to its readers, the Plaintiff may not recover punitive damages.

## III.    PUNITIVE DAMAGES

### REQUESTED CHARGE NO. 17

Rest. 2d Torts § 652D, comm. j.

*Zacchini v. Scripps-Howard Broad. Co*., 433 U.S. 562, 578, 97 S. Ct. 2849, 2859 (1977).

*Solano v. Playgirl, Inc*., 292 F.3d 1078, 1089 (9th Cir. 2002).

### III.   PUNITIVE DAMAGES

<u>REQUESTED CHARGE NO. 18</u>

Defendant, through its publication *Hustler* Magazine, enjoys the same right to publish news as any other entity, including, for example, the *New York Times*, *Time Magazine*, or *Vanity Fair Magazine*.   Even "vulgar" publications are entitled to First Amendment guarantees.

### III.    PUNITIVE DAMAGES

<u>REQUESTED CHARGE NO. 18</u>

*Hustler Magazine v. Falwell*, 485 U.S. 46, 57, 108 S. Ct. 876, 882-83 (1988).

*Winters v. New York*, 333 U.S. 507, 518, 68 S. Ct. 665, 671 (1948).

### III.   PUNITIVE DAMAGES

<u>REQUESTED CHARGE NO. 19</u>

The article published by Defendant about Ms. Benoit's early career activities, including the report that Ms. Benoit posed for the images published with the article, is "newsworthy," and therefore speech protected by the First Amendment to the U.S. Constitution.

## III.   PUNITIVE DAMAGES

<u>REQUESTED CHARGE NO. 19</u>

*Toffoloni v. LFP Publishing Group, LLC*, 572 F.3d 1201, 1208 (11th Cir. 2009).

### III.    PUNITIVE DAMAGES

<u>REQUESTED CHARGE NO. 20</u>

The mere fact of depicting nudity does not constitute pornography, nor forfeit First Amendment protection.  Sexual expression which is indecent but not obscene is protected by the First Amendment.

### III.   PUNITIVE DAMAGES

<u>REQUESTED CHARGE NO. 20</u>

*Sable Commc'ns of Cal., Inc. v. FCC*, 492 U.S. 115, 126, 109 S. Ct. 2829, 2836

(1989).

### III.    PUNITIVE DAMAGES

### REQUESTED CHARGE NO. 21

If you decide to impose punitive damages, you should further specify whether you find that Defendant acted with specific intent to cause harm to Plaintiff.  A party possesses specific intent to cause harm when that party desires to cause the consequences of its act or believes that the consequences are substantially certain to result from it.  Intent is always a question for the jury.  It may be shown by direct or circumstantial evidence.

## III.    PUNITIVE DAMAGES

### REQUESTED CHARGE NO. 21

Ga. Suggested Pattern Jury Instruction No. 66.711, Vol. 1, Civil Cases,

Fourth Edition, p. 322.

### III.    PUNITIVE DAMAGES

### REQUESTED CHARGE NO. 22

Intent is ordinarily ascertained from acts and conduct.  You may not presume that Defendant acted with specific intent to harm, but intent may be shown in many ways, provide you, the jury, find that it existed from the evidence produced.  The jury may also find such intent, or the absence of it, upon consideration of the words, conduct, demeanor, motive, and all the other circumstances connected with the alleged act.

### III.   PUNITIVE DAMAGES

REQUESTED CHARGE NO. 22

O.C.G.A. § 16-2-6; Ga. Suggested Pattern Jury Instruction No. 66.712, Vol.

1, Civil Cases, Fourth Edition, p. 322-23.

# IV.   ATTORNEYS' FEES

## REQUESTED CHARGE NO. 23

The expenses of litigation are not generally allowed as a part of the damages.  But, if the defendant has acted in bad faith or has been stubbornly litigious or has caused the plaintiff unnecessary trouble and expense, you may allow them. You should determine from the evidence the attorney's fees (or other expense), if any, as will be allowed.

Attorneys' fees may not be awarded if you find that Defendant sincerely believed that it had the right to publish the Benoit images without first seeking Plaintiff's permission.

## IV.   ATTORNEYS' FEES

<u>REQUESTED CHARGE NO. 23</u>

O.C.G.A. § 13-6-11; Ga. Suggested Pattern Jury Instruction No. 18.020, Vol. 1,

Civil Cases, Fourth Edition, p. 81.

# IV.   ATTORNEYS' FEES

<u>REQUESTED CHARGE NO. 24</u>

Bad faith requires more than "bad judgment" or "negligence," rather the statute imports a dishonest purpose or some moral obliquity and implies conscious doing of wrong and a breach of known duty through some motive of interest of ill will. "Bad faith" is bad faith connected with the transaction and dealings out of which the cause of action arose, rather than bad faith in defending or resisting the claim after the cause of action has already arisen.

## IV.   ATTORNEYS' FEES

<u>REQUESTED CHARGE NO. 24</u>

*Lewis v. D. Hays Trucking, Inc.*, 701 F. Supp. 2d 1300, 1313 (N.D. Ga. 2010)

(Forrester, J.).

## Defendant's LR 51.1.B. Statement of Contentions

Recovery for Defendant's violation of Ms. Benoit's right of publicity "is gauged solely by the unjust enrichment of the defendant, and not by the injury to plaintiff's feelings or reputation, or by plaintiff's own commercial interests. The measure of Defendant's unjust enrichment is the value of the use of Ms. Benoit's images as part of a two-page internal editorial, in one issue of Hustler Magazine; in other words, what Defendant would have paid to Plaintiff, but did not, for its specific use of the Benoit images.

Defendant contends that the images it published of Ms. Benoit were of lesser quality and quality than images of models and celebrities typically published in *Hustler* Magazine as part of commercial, rather than editorial, features; and that under no circumstances would Defendant have paid more than $10,000.00 to Plaintiff for the commercial use of the images; which amount is far more than Defendant typically pays to models and celebrities for the commercial use of higher quality and quantity images, including cover and centerfold models, and also far more than Ms. Benoit ever made from her own efforts to commercialize comparable images during her professional career.

Defendant further contends that the evidence does not support an award of punitive damages because Defendant sincerely, and reasonably, believed that it had the lawful right under the First Amendment to the U.S. Constitution to publish the images without first seeking Plaintiff's permission. The circumstances of Ms. Benoit's life, career, and death, were the subject of significant public interest and intense press coverage. Defendant contends that it was reasonable for the editors of *Hustler* Magazine to believe that it, like other media that published articles and images of Ms. Benoit in the months and years after her death, was also entitled to publish comment and information about Ms. Benoit's life and career without seeking Plaintiff's permission to do so. The sincerity of Defendant's belief that the publication of the Benoit images was lawful is reinforced by the testimony of James Daus, who admitted that Defendant's employee, Tyler Downey, told him before the images were published that Defendant believed publication of the images was "newsworthy," and therefore lawful. Further, whether a matter is "newsworthy" and therefore protected speech is a matter on which even federal courts disagree. Accordingly, the evidence does not support a finding that Defendant acted with conscious knowledge that the publication of the images was unlawful.

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day filed the within and foregoing DEFENDANT'S REQUESTED JURY CHARGES via the CM/ECF system which will automatically send notification to Plaintiff's attorneys of record, who are participants in the CM/ECF system.

This 12th day of June 2011.

*/s/ S. Derek Bauer*
S. Derek Bauer

McKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, NE, Suite 5300
Atlanta, Georgia  30308
(404) 527-4000
(404) 527-4198 (facsimile)

ATLANTA:5309194.2